FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 SEP 24 P 3: 47

CLERK _C Caskell_
SO. DIST. OF GA.

UNITED STATES OF AMERICA,

v.                                                    CASE NO.: CR513-015

CORTEZ TERRAIL HODGES

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Cortez Hodges ("Hodges") has been charged with: possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2); possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c); and possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) & 924(a)(1)(B). Hodges filed a Motion to Suppress, to which the Government responded. The undersigned conducted a hearing on this Motion on September 17, 2013, at which Detective Bryan Crawford with the Coffee County Sheriff's Department testified.

## DISCUSSION AND CITATION TO AUTHORITY

Hodges seeks to suppress evidence seized from his residence and evidence obtained from a search of a computer. These searches were conducted after the issuance of subpoenas by a Coffee County Magistrate Judge. Hodges contends that

AO 72A
(Rev. 8/82)

the two (2) search warrants at issue relied, in large part, on information and actions of a confidential informant of unknown reliability. Hodges asserts that the audio recordings do not provide any confirmation that illegal activity took place. Hodges also asserts that he believes the confidential informant is a convicted felon who was working as an informant to have any charges against him dropped or unpursued. Hodges alleges that the search warrant affidavits are not supported by probable cause.

The Government avers that the Coffee County magistrate judge reasonably concluded the affidavits set forth probable cause sufficient for the issuance of the search warrants. Specifically, the Government contends that the affiant stated in his affidavit that the confidential informant was searched before and after each controlled purchase of marijuana from Hodges, and officers placed audio recording equipment on the informant to capture the conversation with Hodges. The Government concedes that: the magistrate judge received little information about the informant; the informant is a convicted felon, with a history of drug use and who was motivated by the concern that charges were going to be lodge against him; and this was the first time this confidential informant was used as such.

"The right of the people to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. "Probable cause exists when 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Grubbs, 547 U.S. 90, 95 (2006) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)).

2

"Probable cause to search a residence requires some nexus between the premises and the alleged crime." United States v. Joseph, 709 F.3d 1082, 1100 (11th Cir. 2013) (internal citation omitted). "Probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts" and is based on the "totality of the circumstances test." Id. (internal citations and punctuation omitted). Under this test, "the [informant's] 'veracity' and 'basis of knowledge'. . . [are] relevant considerations in the totality of the circumstances analysis that traditionally has guided probable cause determinations: a deficiency in one may be compensated for by a strong showing as to the other." Id. at 1352-53 (quoting Gates, 462 U.S. at 233). A deficiency in one of these considerations may also be compensated for through "corroborating evidence gathered by law enforcement officials," United States v. Foree, 43 F.3d 1572, 1576 (11th Cir. 1995), although "independent police corroboration has never been treated as a requirement in each and every case." United States v. Brundidge, 170 F.3d 1350, 1353 (11th Cir. 1999). However, "[w]hen there is sufficient independent corroboration of an informant's information, there is no need to establish the veracity of the informant." United States v. Johnson, 444 F. App'x 424, 425—26 (11th Cir. 2011) (internal citation omitted) (alteration in the original).

The following facts are based on the undersigned's review of the Affidavit and Application for Search Warrant, as well as the audio recordings of two (2) controlled purchases of marijuana from Hodges. The Coffee County Sheriff's Department and the Douglas Police Department Joint Drug Task Force began an investigation in October 2012 regarding the sale and distribution of marijuana by Hodges, who is also known as "Gator". The investigators used a confidential informant to make controlled purchases

AO 72A
(Rev. 8/82)

of marijuana from Hodges at 130 Terrell Road in Douglas, Georgia. Detective Crawford and Detective Kurt Johnson met the confidential informant at an undisclosed location in Coffee County, Georgia, on October 23, 2012, to prepare for a controlled marijuana purchase at Hodges' residence. The informant called Hodges and asked if he had a "sack of loud" (a street name for high grade marijuana). (Doc. No. 30, p. 3). The informant and his car were searched for illegal drugs and weapons, neither of which were found. Investigators placed a digital audio recorder on the confidential informant's person, and the informant was given $50.00 to make the controlled purchase. Detectives Crawford and Johnson followed the confidential informant to 130 Terrell Road, and the detectives saw the informant enter the house and leave it moments later. The detectives followed the confidential informant to a previously-arranged location in Coffee County, Georgia, and Detective Crawford collected three (3) plastic bags containing what was believed to be marijuana. Detective Crawford took the digital audio recorder off the informant, while Detective Johnson searched the informant and his car for illegal drugs and weapons. The informant told the detectives what occurred during the controlled sale. According to Detective Crawford, he confirmed what the confidential informant told the detectives by listening to the audio recording of the controlled purchase. Essentially the same procedure was followed during a controlled purchase of marijuana from Hodges at his residence on October 26, 2012.[1]

---

[1] The undersigned listened to the audio recordings. These recordings provide the date and time of the two (2) transactions and where the detectives and the informant were going (130 Terrell Road). However, the quality of the recordings is such that the undersigned could not understand the conversations between the confidential informant and Hodges and any other person whose voice was captured on these recordings. On the first recording, the undersigned could hear that an unknown party called for "Gator" once the informant came to the door of the residence. (Def.'s Exh. 1, 5:35).

AO 72A
(Rev. 8/82)

Detective Crawford's affidavit in support of his application for a search warrant establishes probable cause to believe that Cortez Hodges a/k/a "Gator" was selling marijuana out of his residence located at 130 Terrell Road in Douglas, Georgia. The confidential informant and Detective Crawford arranged for the confidential informant to make controlled purchases of marijuana from Hodges at his residence on two occasions. United States v. Roundtree, 299 F. App'x 905, 907 (11th Cir. 2008) (a properly executed controlled buy is sufficient, standing alone, to establish probable cause).[2] In addition, Detectives Crawford and Johnson searched the confidential information immediately before and after the purchases and followed him to Hodges' residence and to the undisclosed location, which adds to the credibility of the information contained in the affidavits. The fact that Detective Crawford stated in his affidavit that he listened to the recordings in an effort to establish independent verification of what the confidential informant told him had occurred during these purchases also lends to the credibility of Detective Crawford's statements in his affidavit. United States v. Booker, 131 F. App'x 234, 242—43 (11th Cir. 2005) (upholding the district court's denial of a motion to suppress under the totality of the circumstances based on the assertion that the confidential informant's reliability and veracity were lacking in the affidavit underlying the search warrant). Thus, the confidential informant's veracity and reliability need not have been established in the search warrant application. The totality of the circumstances is sufficient to establish probable cause supporting the issuance of the first search warrant.

---

[2] Hodges' counsel does not contest the execution of the controlled buys. The undersigned accepts that these buys were properly executed based on Detective Crawford's affidavit, Detective Crawford's testimony, and the Government's representations.

5

In his original affidavit and application for search warrant, Detective Crawford stated that officers were looking to recover, *inter alia*, "computers and/or any electronic storage devices related to or containing information regarding the distribution, manufacturing, possession, sale and/or trafficking of marijuana[.]" (Doc. No. 30, p. 2). The second search warrant application was for the search of the contents of the laptop computer recovered during the execution of the first search warrant. (Doc. No. 31, p. 1). Any search of the contents of the laptop—whether on its hard drive or any external drives—properly was based on a separate search warrant application. See United States v. Akinlade, 519 F. App'x 529, 532 (11th Cir. 2013) (mentioning that an additional search warrant was obtained to search the contents of electronic devices after the initial search resulted in the recovery of the electronic devices themselves). The issuance of this second search warrant was based on the existence of probable cause, and this finding is bolstered by Detective Crawford obtaining the laptop as a result of the original search.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant Cortez Hodges' Motion to Suppress be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this _24th_ day of September, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE